UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | NO.  10-204<br><br><br><br><br>SECTION  "N"  (1) |

## ORDER AND REASONS

Pending before the Court are motions to suppress filed by one or more of the defendants (Rec. Docs. 253, 256, and 265).  Having carefully considered the parties' submissions and applicable law, the Court rules on the motions as stated herein.

**I.  Motion to Suppress Statements Based on *Garrity* and *Miranda* Violations (Rec. Doc. 256)**

Under *Garrity v. New Jersey*, 385 U.S. 493 (1967),  statements elicited from a police officer as a result of a compelled choice between self-incrimination and loss of a public job are inadmissible.  *See, e.g., United States v. Trevino,* 215 Fed. Appx. 319, 320, 2007 WL 295505, *1 (5th Cir. 2007).  The threat of termination may be explicit or implicit.  *Id.* at 321-22, 2007 WL 295505 at *2.  Thus, to determine whether the *Garrity* rights of Defendants Bowen, Gisevius,

1

Faulcon, and/or Villavaso were violated, the Court considers all surrounding circumstances, specifically focusing on whether the questioning was coercive. Here, looking at the objective circumstances surrounding the defendants' questioning, the Court concludes that they were not faced with "the Hobson's choice of either making an incriminating statement or being fired . . . . " *Id.* at 322, 2007 WL 295505 at *2 (internal quotations omitted). Accordingly, **IT IS ORDERED** that the motion is **DENIED**.

In support of this determination, the Court notes, as asserted by the Government in its opposition memorandum (Rec. Doc. 270), that, at the time of the September 2005 and January 2006 statements in question, the defendants were not under investigation by the New Orleans Police Department. Rather, the statements purportedly were made as alleged victims and witnesses as part of a criminal investigation of an alleged attempted murder of police officers. Further, there is no evidence that any of the officers attempted, or even desired, to assert his Fifth Amendment right against self-incrimination, but did not because he actually and subjectively believed doing so would result in termination or other employment sanction. Finally, on the showing made, the Court cannot conclude that any such belief would have been objectively reasonable under these factual circumstances.

The Court likewise finds these defendants' *Miranda* challenges deficient. The Fifth Amendment rights recognized in *Miranda v. Arizona*, 384 U.S. 435 (1966), apply only to statements made while "in custody." Here, the movants fail to demonstrate the existence of circumstances putting them in custody, for *Miranda* purposes, rather than simply "on duty" or "working", at the time the statements in question were made.

## II. Defendant Dugue's Motion to Suppress (Rec. Doc. 253)

Defendant Dugue's motion to suppress concerns his September 29, 2009 statement to FBI agents and Department of Justice attorneys. **IT IS ORDERED** that, on the showing made and for essentially the reasons stated by the Government in its opposition memorandum (Rec. Doc. 271), the motion is **DENIED**.

As an initial matter, Dugue's original supporting memorandum (Rec. Doc. 253) does not set forth sufficient factual and legal support for his motion. In his March 30, 2011 reply memorandum, however, he stresses the need for an evidentiary hearing relative to his motion. Nevertheless, at the April 1, 2011 status conference, Dugue's counsel did not advise the Court that the hearing date for his motion should be continued to April 18, 2011, the date set for evidentiary hearings on pending motions to suppress. Nor did he seek modification of the Court's April 4, 2011 Order, noting that, as stated during the April 1st conference, Dugue's motion would be taken under advisement on Friday, April 15, 2011, oral argument would not be heard, and that counsel and parties did not need to appear. *See* Rec. Doc. 276. Finally, he did not attempt to offer evidence concerning his September 29, 2011 statement at the April 18, 2011 hearing, though counsel and Dugue were present for the entirety of the pertinent portions of the hearing. Thus, the Court rejects any suggestion that Dugue should have been granted, but instead was denied, an evidentiary hearing relative to his motion.

The remainder of Dugue's reply memorandum also fails to demonstrate the merit of his motion. The Court again rejects his "perjury" argument. *See* Rec. Doc. 166. To the extent that Dugue purports to assert a *Miranda* violation, that argument fails because he has not established that he was "in custody" for *Miranda* purposes of September 29, 2009. He likewise was not a grand

3

jury witness for purposes of Section 9-11.151 of the United States Attorneys Manual, 2000 WL 1708122 (U.S.A.M.). Nor does he adequately support the notion that any non-compliance with that Department of Justice policy, taken alone, would warrant suppression of an otherwise valid statement.

Finally, to the extent that Defendant Dugue seeks to adopt the *Garrity* arguments asserted in the motion to suppress filed by Defendants Bowen, Gisevius, Faulcon, and Villavaso (Rec. Doc. 256), his submission does not make the evidentiary showing necessary to establish a *Garrity* violation relative to his September 29, 2009 statement. This is particularly true given the acknowledgments of the voluntary nature of the interview reflected in the FBI Report Excerpt attached to the Government's opposition memorandum (Rec. Doc. 271-1). And, as with the other officers, there is no evidence that Dugue attempted, or even wanted, to assert his Fifth Amendment right against self-incrimination, but did not because he actually and subjectively believed doing so would result in termination or other employment sanction. Nor is it made evident to the Court that any such belief would have been objectively reasonable under the circumstances.

### III.  Defendant Kaufman's Motion to Suppress (Rec. Doc. 265)

On the showing made, and for essentially the reasons stated by the Government in its opposition memorandum(Rec. Doc. 272), **IT IS ORDERED** that Defendant Kaufman's Motion to Suppress (Rec. Doc. 265), is **DENIED**. Specifically, the Court is not persuaded that the referenced August 5, 2009 search warrant was based on stale information.

New Orleans, Louisiana, this 27th day of April 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**