UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS

KENNETH BOWEN                                    NO.  10-204
ROBERT GISEVIUS
ROBERT FAULCON
ANTHONY VILLAVASO
ARTHUR KAUFMAN
GERARD DUGUE                                     SECTION  "N"  (1)

## ORDER AND REASONS

Before the Court is the "Defense Motion to Continue the Trial and Pre-Trial Conference"
(Rec. Doc. No. 358), which was filed on May 12, 2011.  The defendants argue that, under the Sixth,
Eighth and Fourteenth Amendments of the United States Constitution, the pretrial conference set
for May 25, 2011, and the trial set for Monday, June 13, 2011, do not afford them sufficient time
to prepare and proceed to trial.  Specifically, defendants assert that the "sheer volume of discovery",
as well as having insufficient time to prepare and present critical expert testimony, warrant a
continuance in this case.  Also before the Court is the "Second Amended Defense Motion to Extend
Time to File Disclosures of Experts and Summaries and Related Matters" (Rec. Doc. No. 352).  Both
of these motions are opposed by the government (Rec. Doc. Nos. 363 and 368).

1

The Indictment in this case was returned by the Grand Jury on July 12, 2010. Although the Indictment sets forth 27 counts and is 31 pages long, no defendant is indicted on each and every count; and defendant Dugue, whose trial has been severed from these proceedings and scheduled for a later date, is named in six counts, two of which pertain only to him. The remaining defendants are facing the following numbers of counts, involving seven statutes upon which such charges are based: Kenneth Bowen - 13 Counts; Robert Gisevius - 11 Counts; Robert Faulcon - 12 Counts; Anthony Villavaso - 10 Counts; and Arthur Kaufman - 10 Counts.

The first status conference in this case was held on August 13, 2010, at which possible trial dates were discussed. The government urged setting a quicker trial date (in early 2011); the defendants argued for a trial date in late 2011 or in 2012, even though four of the defendants have been incarcerated without bond during the pendency of this proceeding. Based upon the conversations with counsel, the Court selected the trial date of June 13, 2011, and all pretrial proceedings, including scheduling deadlines, were established in anticipation of the June 13, 2011 trial. As emphasized to counsel upon setting the trial date, the June 2011 date was specifically chosen in an attempt to afford sufficient preparation time such that a continuance would not be necessary.

At the initial status conference on August 13, 2010, the government described the voluminous material which it would make available to defense counsel. The Court discussed in detail the orderly production of such documents and other material and thereafter held periodic

status conferences[1] to ensure that discovery was proceeding in a satisfactory fashion, as intended. With a few minor glitches that were easily resolved with communication between counsel, the extensive body of documents and other materials (including indices and Bates numbers) were transferred into the possession of defense counsel, in stages.

Moreover, the Court notes that this matter started out with potential capital punishment implications. In fact, because of this, defendant Faulcon was appointed additional counsel (attorney Lindsay Larson). At the Court's insistence (Rec. Doc. No. 72), the government was required to make a prompt determination as to whether it would seek the death penalty in this case. On September 10, 2010, the government advised that it would not (Rec. Doc. No. 93). Thereafter, defendant Faulcon sought to maintain both counsel (Larson and Fleming), even though he no longer faced the death penalty if convicted. Over the government's objection, and because the Court had selected the June 13, 2011 trial date, the Court approved Mr. Larson's continued representation as co-counsel for Mr. Faulcon to facilitate meeting the trial date. In addition, Faulcon's counsel has sought and requested approval for not one but two paralegals (Rec. Doc. No. 142, dated November 16, 2010 and Rec. Doc. No. 292, dated April 14, 2011) to assist in reviewing the government's production of documents.

Other defendants also are represented by more than one able counsel[2], with the exception of defendants Kaufman (who is represented by an experienced and quite capable attorney, Mr. Stephen

---

[1]Conferences were held on September 24, 2010, November 5, 2010, December 17, 2010, January 19, 2011, February 28, 2011, April 1, 2011, April 13, 2011, April 18, 2011 and May 6, 2011.

[2]Defendant Villavaso is represented by two attorneys of record, Mr. Kitchens and Mr. Meche. He also was represented, at material times to this Indictment, by a third attorney, Mr. Jeff Kearney.

London), Bowen and Gisevius.  Respective counsel for defendants Bowen and Gisevius, Mr. DeSalvo and Mr. Hessler, have represented them as to matters arising out of the September 4, 2005 incident regarding the so-called "Danziger Bridge shootings" since the beginning of legal proceedings in state court.  Thus, although they do not have enrolled co-counsel, they have been involved in the investigation of the facts of this case, and have been conferring with their clients, since as early as 2006, *i.e.,* for over five years.  Significantly, all defense counsel further have the benefit of conferring with the primary witnesses who were present at the time of the relevant events, that is, the defendants themselves.  Although surely further investigation and corroboration is desired, defense counsel have access to firsthand descriptions of the events at issue in this case from their own clients, something which the government did and does not have.

Although in criminal cases the defense typically complains that the government has not turned over documents and evidence in a timely fashion, the defendants in this case, to the contrary, claim to be overwhelmed with material.  Indeed, despite having co-counsel and several months to prepare, defense counsel now claim that "the sheer volume of discovery has made it impossible for any of the defense attorneys to review everything, much less prepare for trial in a meaningful manner." (Memorandum in Support, p. 5.)  Thus, despite having over ten months from the date of the Indictment, and many months prior to such date (since these defendants were represented by counsel well prior to their indictment), defense counsel essentially argue the government into a "damned-if-you-do, damned-if-you-don't" corner with regard to discovery.  Obviously, counsel would have argued that the government's production was stingy and inadequate on the one hand, or overwhelming and all-inclusive on the other, each of which argument could be utilized in seeking

4

a continuance.  In any event, the Court continues to believe that sufficient time has been given for the review of this documentation, which has been produced under Court supervision.

As to the preparation and submission of expert opinions, the undersigned recognizes that the identification of materials to supply to an expert, along with his/her consideration of such material and conduct of appropriate testing, may take additional time.  The Court is therefore willing to extend deadlines for defendants' expert identification, summaries, and production of materials. Given the length of time the government estimates it will take to put on its case, defense experts will probably not be called at the trial of this matter until late July.

## CONCLUSION

For these reasons, the Court sees no cause for delay of the trial of this matter.  In an attempt to accommodate defendants, however, the Court is willing to commence trial in this matter one week later, on **June 20, 2011**,[3] promptly at 8:30 a.m.  This will afford the defendants additional time to confer with experts, and provide an additional week (which was already free of other prior commitments by defense counsel) to further review documentary evidence and confer with potential witnesses prior to trial.  Accordingly,

**IT IS ORDERED** that the "Defense Motion to Continue the Trial and Pre-Trial Conference" (Rec. Doc. No. 358) is **GRANTED IN PART AND DENIED IN PART,** in that the Court **GRANTS** a one-week continuance of the trial in this matter, from June 13, 2011 to **June 20, 2011**. The motion is otherwise **DENIED**.  The pre-trial conference in this case shall remain set for May 25, 2011 at 9:00 a.m.

---

[3]The new trial date is 23 days short of a year since the date of federal indictment, and over 5 years 9 months since the date of underlying event, September 4, 2005.

**IT IS FURTHER ORDERED** that the "Second Amended Defense Motion to Extend Time to File Disclosures of Experts and Summaries and Related Matters" (Rec. Doc. No. 352) is **GRANTED**.  The deadline for defendants to disclose the identity and field of expertise of any experts they intend to call is extended to **June 6, 2011**; the deadline for the production of summaries of all such expert testimony and the production of related documents is extended to **June 13, 2011**.

New Orleans, Louisiana, this 20th day of May, 2011.

**KURT D. ENGELHARDT**
**United States District Judge**