UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNETH BOWEN<br>ROBERT GISEVIUS<br>ROBERT FAULCON<br>ANTHONY VILLAVASO<br>ARTHUR KAUFMAN<br>GERARD DUGUE | NO. 10-204<br><br><br><br><br>SECTION "N" (1) |

### ORDER AND REASONS

Presently before the Court are motions filed by Gregory McRae (Rec. Doc. 1250) and Renee Gill Pratt (Rec. Doc. 1255) seeking to intervene in this matter to obtain access to sealed documents for the purpose of supporting motions for new trial in other, unrelated criminal actions.[1] Having carefully reviewed the parties' submissions, the Court, as an initial matter, finds it necessary to clarify the record to the extent that any confusion exists relative to the Court's role in the December 2012 appointment of John Horn, the Department of Justice's First Assistant United States Attorney for the Northern District of Georgia, and Assistant United States Attorney Charysse Alexander for that district, to provide the investigatory and reporting tasks required by the Court's Orders of June 13, 2012 (Rec. Doc. 1020), July 9, 2012 (Rec. Doc. 1034) and November 26, 2012

---

[1] See United States v. Gregory McRae, Criminal Action No. 10-154, Rec. Doc. 927; see United States v. Renae Gill Pratt, Criminal Action No.08-140.

(Rec. Doc. 1070, p. 49).[2]  The Court did not designate, appoint or even select Horn or Alexander, or any other Department of Justice ("DOJ") personnel, for this role.  To the contrary, the undersigned "**strongly** urge[d]" that DOJ "seriously consider appointment of an independent counsel" to report and respond to the Court as ordered.  See November 26, 2012 Order and Reasons (Rec. Doc. 1070, pp. 33-34)(emphasis in original). Unfortunately, the DOJ apparently chose to disregard this suggestion, instead appointing Horn and Alexander as Special Attorneys to the Attorney General, pursuant to 28 U.S.C. §515, charged with "report[ing] to and act[ing] under the direction of the Deputy Attorney General, or his delegee. . . .", to satisfy the Court's Orders.[3]  Thus, it is the Government's decision to proceed accordingly that has yielded the separation of powers question it now presents to the Fifth Circuit.

Turning to the relief requested by McRae and Pratt, **IT IS ORDERED** that, on the showing made, the motions (Rec. Docs. 1250 and 1255) are **DENIED**.  The Court is not convinced that such intervention is authorized or, in any event, justified.  **IT IS FURTHER ORDERED**, however, that materials placed under seal in this action shall be made available, for ex parte review, to the district and magistrate judges assigned to the aforementioned actions – District Judges Lance M. Africk and Ivan I.R. Lemelle, and Magistrate Judges Daniel E. Knowles, III, and Sally Shushan

---

[2]  Specifically, the Court ordered the Department of Justice to recommence compliance with the Court's prior orders, including an investigation of the leak of the Lohman plea pursuant to Rule 6(e), and a full and complete report to the Court regarding government internet posting activity relative to this case.  See Rec. Doc. 1070, pp. 33-36, 49-50.

[3]  See December 3 and 4, 2012 Appointment Letters for Horn and Alexander, attached hereto as Exhibits "A" and "B".  Horn provided a copy of these letters, along with other documents, to the undersigned via electronic mail on December 19, 2012.

– upon his or her request. It shall be for those judicial officers to determine the appropriate use, if any, of these materials in connection with any issued raised in the McRae and/or Pratt prosecutions.[4]

New Orleans, Louisiana, this 3rd day of February 2014.

                                  **KURT D. ENGELHARDT**
                                  **United States District Judge**

**Clerk to Copy:**
Counsel of record
Attorney Michael S. Fawer
District Judge Lance M. Africk
District Judge Ivan L.R. Lemelle
Magistrate Judge Daniel E. Knowles, III
Magistrate Judge Sally Shushan

---

[4] This course of action previously was taken, with the Government's consent, relative to a motion for discovery filed by McRae's co-defendant, David Warren. See Criminal Action No. 10-154, Rec. Docs. 663, 692, 701 and 782. Given the limited scope of the instant ruling, the Court does not find it precluded by the administrative stay imposed by the Fifth Circuit Court of Appeals, with which the Government sought to preserve the status quo, pending appeal, and prevent overlapping and potentially conflicting rulings by this Court and the Fifth Circuit. Indeed, the Government, in responding to McRae's motion, urges this manner of proceeding. See Rec. Doc. 1261.